UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOE MUNOZ, JR.,                      )   NO. ED CV 11-2042-E
                                     )
                   Plaintiff,        )
                                     )
         v.                          )   **MEMORANDUM OPINION**
                                     )
MICHAEL J. ASTRUE, COMMISSIONER      )   **AND ORDER OF REMAND**
OF SOCIAL SECURITY,                  )
                                     )
                                     )
                   Defendant.        )
                                     )
_____    )

     Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY
ORDERED that Plaintiff's and Defendant's motions for summary judgment
are denied and this matter is remanded for further administrative action
consistent with this Opinion.


                              **PROCEEDINGS**


     Plaintiff filed a complaint on January 6, 2012, seeking review of
the Commissioner's denial of benefits.  The parties filed a consent to
proceed before a United States Magistrate Judge on February 15, 2012.

1  Plaintiff filed a motion for summary judgment on June 15, 2012.
2  Defendant filed a motion for summary judgment on July 16, 2012.  The
3  Court has taken both motions under submission without oral argument.
4  See L.R. 7-15; "Order," filed January 9, 2012.

5

6  **BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

7

8  Plaintiff, a former warehouse worker, asserts disability based on
9  alleged mental impairments (Administrative Record ("A.R.") 26-46, 48,
10  108-09, 139, 153).  Dr. Romualdo R. Rodriguez, a consultative physician,
11  diagnosed a "depressive disorder," but opined that Plaintiff is "[a]ble
12  to understand, remember, and carry out simple one or two-step job
13  instructions . . . [and is] [a]ble to do detailed and complex
14  instructions" (A.R. 233-34).  Dr. N. Haroun, a state agency physician,
15  opined that Plaintiff's depression "should not preclude him from
16  performing at least simple 1-2 step tasks," but also opined that
17  Plaintiff is "moderately limited" in his "ability to carry out detailed
18  instructions" (A.R. 239, 246, 248).

19

20  Plaintiff testified to depression that allegedly prevents him from
21  doing much of anything (A.R. 35, 38, 41-42).  Plaintiff assertedly
22  cannot concentrate long enough or well enough to read or even to watch
23  television (A.R. 38, 41-42).  Plaintiff's sister reported that Plaintiff
24  previously was able to "concentrate [and] stay functional," but now
25  "can't stay focused enough to have any activities" (A.R. 160-63).
26  Plaintiff's sister indicated that Plaintiff's condition affects his
27  ability to follow instructions and "its [sic] hard for him to stay
28  focused" (A.R. 164).  According to the sister, Plaintiff tends to "get

very confused," and cannot follow written instructions well (id.).

The Administrative Law Judge ("ALJ") found that a severe "depressive disorder" has reduced Plaintiff's mental capacity such that Plaintiff can perform only "one-to-two step instruction jobs" (A.R. 12-15).   A vocational expert testified that a person so limited could perform Plaintiff's past relevant work as a warehouse worker (A.R. 48-49).

According to the Dictionary of Occupational Titles ("DOT"), Plaintiff's past relevant work requires "Reasoning Development Level 2." DOT § 922.687-058.   The DOT defines Level 2 as requiring the worker to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions."   DOT Appendix C.   Level 2 appears to require a slightly higher level of functioning than Level 1.   The DOT defines Level 1 as requiring that the worker "[a]pply commonsense understanding to carry out simple one-or-two-step instructions. . . ." Id.

The ALJ did not ask the vocational expert whether the expert's testimony was consistent with the information in the DOT (A.R. 48-49). The vocational expert did not volunteer whether the expert's testimony was consistent with the information in the DOT (id.).   The ALJ's decision states that "the vocational expert's testimony is consistent with the information contained in the [DOT]" (A.R. 16).

///

///

In apparent reliance on the vocational expert's testimony, the ALJ

found that Plaintiff still can perform Plaintiff's past relevant work (A.R. 16). The ALJ therefore denied benefits (id.). The Appeals Council denied review (A.R. 1-3).

## STANDARD OF REVIEW

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

## DISCUSSION

Social Security Ruling 00-4p[1] provides:

> Occupational evidence provided by a [vocational expert] generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between [vocational expert] evidence and

---

[1] Social Security rulings are "binding on ALJs." Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990); see 20 C.F.R. § 422.408.

the DOT, the adjudicator must elicit a reasonable explanation
for the conflict before relying on the [vocational expert]
evidence to support a determination or decision about whether
the claimant is disabled.  At the hearings level, as part of
the adjudicator's duty to fully develop the record, the
adjudicator will inquire on the record, as to whether or not
there is such consistency.   . . .  When a VE or VS provides
evidence about the requirements of a job or occupation, the
adjudicator has an affirmative responsibility to ask about any
possible conflict between that VE or VS evidence and
information provided in the DOT.

"The procedural requirements of SSR 00-4p ensure that the record is
clear as to why an ALJ relied on a vocational expert's testimony,
particularly in cases where the expert's testimony conflicts with the
[DOT]." Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007);
see Light v. Social Security Administration, 119 F.3d 789, 794 (9th Cir.
1997) (error exists where "[n]either the ALJ nor the vocational expert
explained the reason for departing from the DOT"); Johnson v. Shalala,
60 F.3d 1428, 1435 (9th Cir. 1995) ("an ALJ may rely on expert testimony
which contradicts the DOT, but only insofar as the record contains
persuasive evidence to support the deviation").

In the present case, the ALJ erred by failing to "inquire, on the
record, as to whether or not" the vocational expert's testimony was
consistent with the information in the DOT.  See SSR 00-4p.  Whether
this error was material depends on whether there existed "an apparent
unresolved conflict" between the vocational expert's testimony and the

DOT.  See id.

Plaintiff argues that there plainly existed "an apparent unresolved conflict," relying on the wording of the ALJ's residual functional capacity finding.  In making this argument, Plaintiff equates the ALJ's limitation to "one-to-two step instruction jobs" with a limitation to jobs requiring no more than Level 1 reasoning.

Defendant argues that there did not exist any "apparent unresolved conflict" between the vocational expert's testimony and the DOT, notwithstanding the wording of the ALJ's residual functional capacity finding.  In making this argument, Defendant submits that the ALJ did not intend the limitation to "one-to-two step instruction jobs" to entail a limitation to jobs requiring no more than Level 1 reasoning.

Several district courts have discerned material error in administrative decisions in which ALJs have found that claimants who were limited to "one-to-two step instruction" jobs could perform jobs requiring Level 2 reasoning.  See, e.g., Ibarra v. Astrue, 2012 WL 2603266, at *3 (C.D. Cal. July 3, 2012); Wiszowaty v. Astrue, 2012 WL 967415, at *21-23 (N.D. Ind. March 21, 2012); Pouria v. Astrue, 2012 WL 1977278, at *2-3 (C.D. Cal. June 1, 2012); Whitlock v. Astrue, 2011 WL 3793347, at *5 (D. Or. Aug. 24, 2011).  Yet, at least one district court repeatedly has refused to discern any material error in administrative decisions in which ALJs have found that claimants who were limited to "one-to-two step instruction" jobs could perform jobs requiring Level 2 reasoning.  See, e.g., Seechan v. Astrue, 2010 WL 1812637, at *10-11 (E.D. Cal. May 5, 2010); Villafana v. Astrue, 2010 WL 1286818, at *9-10

1   (E.D. Cal. March 29, 2010); <u>Lee v. Astrue</u>, 2010 WL 653980, at *10-11

2   (E.D. Cal. Feb. 19, 2010).

3

4         Even if the above-cited decisions were consistent and binding (and

5   they are neither), the decisions would not necessarily dictate the

6   result in the present case.  Here, the decisive question concerns the

7   intendment of the ALJ's residual functional capacity finding (as

8   incorporated into the hypothetical posed to the vocational expert).

9   Specifically, the decisive question is:  Did <u>this</u> ALJ find that <u>this</u>

10  severe mental impairment limited <u>this</u> Plaintiff to jobs requiring only

11  Level 1 reasoning?  <u>See</u> <u>Gonzales v. Astrue</u>, 2012 WL 14002, at *12 (E.D.

12  Cal. Jan. 4, 2012) (suggesting that the difference in courts'

13  conclusions regarding "whether an RFC limitation for simple, one-to-two

14  step instructions is compatible with DOT reasoning level 2" "appears to

15  be predicated on the particular facts of each case and what the ALJ or

16  the physician's words of limitation meant in the context of the medical

17  evidence in the record").  For the reasons discussed below, the Court

18  concludes that the intendment of the ALJ's residual functional capacity

19  finding is unclear in relation to the question presented.  Because the

20  intendment is unclear, remand for clarification is appropriate.  <u>See,</u>

21  <u>e.g.</u>, <u>Rodriguez v. Astrue</u>, 2011 WL 1103119, at *9 (E.D. Cal. March 22,

22  2011) ("remand for further proceedings is proper due to the ambiguity of

23  the ALJ's decision").

24  ///

25  ///

26        There exist at least three reasons why this Court cannot dismiss

27  the possibility that the ALJ's residual functional capacity finding

28  intended to limit Plaintiff to jobs requiring only Level 1 reasoning.

First, in defining Plaintiff's residual functional capacity, the ALJ chose language closely paralleling the language of the DOT's definition of Level 1.  The ALJ found Plaintiff capable of working in "one-to-two step instruction jobs"; the DOT defines Level 1 as entailing the ability "to carry out simple one-or-two-step instructions."[2]  Other judges of this Court have deemed similar parallelism of language sufficiently significant to require remand on similar facts.  See, e.g., Ibarra v. Astrue, 2012 WL 2603266, at *3; Martinez v. Astrue, 2012 WL 589671, at *9 (C.D. Cal. Feb. 22, 2012); Coleman v. Astrue, 2011 WL 781930, at *5-6 (C.D. Cal. Feb. 28, 2011).  Defendant essentially invites the Court to attribute this parallelism to mere coincidence.  Defendant argues the Court should infer that the ALJ's restriction of Plaintiff to "one-to-two step instruction jobs" did not intend to restrict Plaintiff to "simple one-or-two step instruction" jobs, because, in context, these very similar phrases should be accorded very different meanings.  Though seemingly counterintuitive, the invited inference could be correct, in light of the opinions of Dr. Rodriguez and the context provided by other statements in the ALJ's decision.  Nevertheless, the invited inference would be unduly conjectural, in the absence of clarification from the ALJ.

///

Second, Dr. Naroun, one of the physicians whose opinions the ALJ cited with approval, also used language nearly identical to the language of Level 1 (A.R. 246) ("simple one-two step tasks").  Another judge of

---

[2]     Furthermore, the ALJ's hypothetical question to the vocational expert assumed an individual "limited to one to two simple instruction jobs" (A.R. 48) (emphasis added).

8

1  this Court regarded as significant a physician's use of language similar
2  to the language of Level 1.   See Calderon v. Astrue, 2012 WL 2806266, at
3  *4 (C.D. Cal. July 6, 2012).    In Calderon, the ALJ had found the
4  claimant capable of performing jobs requiring Level 2 reasoning despite
5  a physician's opinion that the claimant was limited to following "simple
6  one and two step instructions."   Because of the physician's choice of
7  language, the Calderon Court could not confidently deem harmless the
8  ALJ's omission of this limitation from the ALJ's residual functional
9  capacity determination.[3]   Id. at *4.

10

11     Third, contrary to Defendant's arguments, the record does contain
12  some evidence that Plaintiff's mental impairments have reduced his
13  functioning below Level 2 reasoning.   In addition to the opinion of Dr.
14  Naroun that Plaintiff is moderately limited in Plaintiff's ability to
15  carry out detailed instructions, Plaintiff's sister corroborated
16  Plaintiff's alleged lack of capacity to function.   An ALJ must consider
17  a lay witness' reported observations of a claimant, and can reject those
18  observations only by giving "reasons germane" to that witness.   See
19  Stout v. Commissioner, 454 F.3d 1050, 1053 (9th Cir. 2006); Regennitter
20  v. Commissioner, 166 F.3d 1294, 1298 (9th Cir. 1999); Nguyen v. Chater,
21  100 F.3d 1462, 1467 (9th Cir. 1996); Smolen

22

23

24

25
_____

26      [3]   Dr. Naroun found Plaintiff limited in his "ability to
   carry out detailed instructions," although Dr. Rodriguez reached
27  an opposite conclusion (compare A.R. 248 with A.R. 234).   The
   ALJ's apparent approval of both of these physicians' opinions
28  injects additional uncertainty into the record (see A.R. 15).

v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996); see also SSR 96-7p.[4]  The ALJ's decision fails even to mention the sister's statements (A.R. 11-16).  Thus, the Court cannot infer that the ALJ's decision properly rejected the sister's statements regarding Plaintiff's asserted functional limitations (see id.).

     In arguing the alleged harmlessness of the ALJ's violation of SSR 00-4p, Defendant submits that the ALJ need not have consulted a vocational expert at all.  It is true that an ALJ need not always consult a vocational expert to find that a claimant can perform the claimant's past relevant work.  See Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993); Miller v. Heckler, 770 F.2d 845, 850 (9th Cir. 1985).  Absent the vocational expert's testimony in the present case, however, the record lacks substantial evidence that a person limited to "one-to-two step instruction jobs" can perform Plaintiff's past relevant work.  The DOT appears to suggest that a person so limited cannot do so.  The ALJ's own opinion may not properly supply the vocational evidence necessary to depart from the DOT.  See Light v. Social Security Administration, 119 F.3d 789, 794 (9th Cir. 1997) (an explanation and "persuasive" supporting evidence must accompany any administrative

---

     [4]     Most of the above-cited authorities speak in terms of the "testimony" of lay witnesses.  The standards discussed in these authorities, however, "appear equally applicable to written statements" submitted by lay witnesses.  Hendrix v. Astrue, 2010 WL 60959, at *10 (C.D. Cal. Jan. 4, 2010); accord Hughes v. Commissioner, 2010 WL 4561404, at *1 (9th Cir. Nov. 12, 2010) (applying to written statements by lay witnesses the same standards applicable to testimony by lay witnesses); cf. Schneider v. Commissioner, 223 F.3d 968, 974-75 (9th Cir. 2000) (ALJ should have considered letters submitted by claimant's friends and ex-employers in evaluating severity of claimant's functional limitations).

1  deviation from the DOT); <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1341 (9th

2  Cir. 1988) (administration may not speculate concerning the requirements

3  of particular jobs).

4

5      Finally, the fact that Plaintiff previously performed the warehouse

6  worker job, of course, is not a sufficient basis on which to conclude he

7  could do so at the time of the ALJ's decision.  Many if not most mental

8  impairments are progressive in nature.  <u>See</u> <u>Blankenship v. Bowen</u>, 874

9  F.2d 1116, 1121-22 (6th Cir. 1989), <u>cited with approval in</u> <u>Morgan v.</u>

10 <u>Sullivan</u>, 945 F.2d 1079, 1082-83 (9th Cir. 1991).[5]  There exists record

11 evidence, including the sister's statements, suggesting a significant,

12 relatively recent deterioration in Plaintiff's mental capacity.

13

14                          **CONCLUSION AND ORDER**

15

16     The errors discussed above were potentially prejudicial to the

17 ALJ's decision, such that the decision must be reversed.  <u>See</u> <u>McLeod v.</u>

18 <u>Astrue</u>, 640 F.3d 881, 887 (9th Cir. 2011) (reversal appropriate where

19 "the reviewing court can determine from the 'circumstances of the case'

20 that further administrative review is needed to determine whether there

21 was prejudice from the error").  When a court reverses an administrative

22 determination, "the proper course, except in rare circumstances, is to

23

24         [5]   This Court cannot deem the ALJ's errors harmless on the
25 ground that the record supports the conclusion Plaintiff actually
   possesses greater capacity than the capacity to perform "one-to-
26 two step instruction jobs."  The ALJ's capacity determination
   must circumscribe the Court's analysis.  <u>See</u> <u>Gonzalez v. Astrue</u>,
27 2012 WL 2064947, at *4 (E.D. Cal. June 7, 2012) ("The Court
   cannot reassess the medical evidence to conclude Plaintiff is
28 <u>less</u> limited than indicated by the ALJ's RFC determination").

remand to the agency for additional investigation or explanation." INS
v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).
Remand is proper where, as here, additional administrative proceedings
could remedy the defects in the decision. See Kail v. Heckler, 722 F.2d
1496, 1497 (9th Cir. 1984).


Therefore, Plaintiff's and Defendant's motions for summary judgment
are denied and this matter is remanded for further administrative action
consistent with this Opinion.


LET JUDGMENT BE ENTERED ACCORDINGLY.


DATED: July 20, 2012.


_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE